IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )
                               )
vs.                            )      Case No. 05-40002-01-JAR
                               )
ISAAC E. SMITH,                )
                               )
                Defendant.     )
_____)

**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR PRETRIAL RELEASE**

The Court now considers defendant's Motion to Dismiss, or in the Alternative, for

Pretrial Release.  (Doc. 22.)   Defendant argues that his right to a speedy trial was violated by the

delay in evaluating his mental competency, and in transporting him to a federal facility to

conduct that evaluation.  The government did not file a response to the motion.  On January 4,

2005, the Court held an evidentiary hearing to determine defendant's competency to stand trial

under 18 U.S.C. § 4241(a), and to address the instant motion.  After accepting the parties'

stipulation that defendant is competent to stand trial, the Court heard oral argument from both

parties on the motion to dismiss, or in the alternative, for pretrial release.  The Court is now

prepared to rule.  As described more fully below, the Court denies defendant's motion.

**A.  Background**

Defendant was arrested and arraigned on January 11, 2005.  On February 3, 2005,

counsel for defendant filed a Motion to Determine Competency (Doc. 10), which the Court

granted.  (Doc. 13.)  The Court ordered a psychological evaluation and a report of the

examination to be prepared and filed with the Court in accordance with 18 U.S.C. §§ 4247(b)

and (c) on February 4, 2005.  On February 14, 2005, defendant filed a "Motion to Compel

Withdrawal of the Psychological Exam," (Doc. 14), which the Court denied on February 21,

2005.  Two days later, the Court granted a motion by defendant to stay the motions schedule as

follows:

> **IT IS THEREFORE ORDERED** that the motion schedule is
> hereby stayed until the Court has received the report concerning
> Mr. Smith's psychological evaluation and made a determination as
> to Mr. Smith's competency, at which time a new Discovery and
> Scheduling Order will be entered.  The period of delay resulting
> from such continuance shall be excludable time as provided for by
> the Speedy Trial Act, 18 U.S.C. 3161(h)(8).[1]

According to the Forensic Evaluation submitted pursuant to the Court's Order ("the

Report"), plaintiff arrived at the Federal Bureau of Prisons Metropolitan Detention Center in Los

Angeles ("MDC-LA") on March 4, 2005.  Also according to the Report, "a request was

submitted to the court for the evaluation period to begin on the date of [defendant's] arrival.  Due

to the high volume of cases at the MDC-LA, additional time was requested to complete the

evaluation."  There is no record of the request referenced in the Report for the evaluation period

to begin on March 4.

On April 25, 2005, counsel for defendant wrote the Court, stating that defendant's

girlfriend had relayed to her that defendant's evaluation had not yet begun.  On May 27, 2005,

counsel for defendant wrote the Court, stating that she "spoke with Mr. Smith, who informs me

that his psychiatric evaluation which you ordered still has not begun."  On June 15, 2005, the

Court received correspondence from Michael L. Benov, Warden at MDC-LA, stating:

---

[1](Doc. 17.)

> Mr. Smith was committed to the Metropolitan Detention Center,
> Los Angeles, California, for a period of study to determine
> whether he is competent to stand trial.  Due to unforseen
> circumstances and a high volume of cases, the completion of the
> report has been delayed.  In revising report completion estimates, it
> is anticipated that the report on the above captioned case will be
> completed by July 21, 2005.

According to defendant, he left the MDC-LA on August 11, 2005 and arrived back in this jurisdiction on August 17, 2005.  Counsel for defendant wrote the Court on September 20, 2005, inquiring into the status of the Report ordered to be produced in the Court's February 4, 2005 Order.  On October 3, 2005, the Court issued an Order mandating that the Report be prepared and produced to the Court, counsel for defendant and the government no later than November 1, 2005.  (Doc. 18.)  According to the electronic filing receipt, this Order was not sent to the MDC-LA.  After the November 1 deadline passed, the Court attempted to contact officials at the facility by telephone to determine the status of the Report.  Dr. Leslie Hope, the forensic psychologist who completed the evaluation, relayed that she was having difficulty obtaining documentation of defendant's medical history.  She represented to the Court that she would proceed to complete the evaluation without the history and produce it by November 22, 2005.  The Report, dated November 14, 2005, was received by the Court on November 20, 2005.

In the Report, Dr. Hope provides background information about defendant based on his own rendition of his history.  Dr. Hope further states that: "Both the . . . AUSA and Mr. Smith's defense attorney were contacted in reference to the evaluation.  The AUSA provided discovery information pertaining to the case.  By the writing of this report, the defense attorney had not responded to the telephone call."  The following week, on December 1, 2005, the Court filed a notice of hearing to determine competency for January 4, 2006.  In the meantime, the Court

3

granted defendant's sealed motion requesting an evaluation by a local psychologist.

## B.  Analysis

This Court must determine whether the delay between this Court's February 4 Order and the competency hearing is nonexcludable time under the Speedy Trial Act.  Under the Act, the defendant must be tried within seventy days from the date of his arraignment on January 11, 2005.[2]  The following periods of delay are excluded in computing the seventy day trial clock:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
> > (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
> > . . .
> >
> > (H) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.[3]

Here, defendant contends that both the period of transportation to the MDC-LA in excess of ten days, and the period of evaluation there in excess of 45 days, fail to satisfy the excludable time provisions of the Speedy Trial Act.  Therefore, defendant contends, he was not tried within the pertinent seventy day time period and the Indictment should be dismissed.  The Court will address each excludable time provision in turn.

### 1.  Transportation

---

[2]*See* 18 U.S.C. § 3161(a).

[3]18 U.S.C. § 3161(h).

First, defendant argues that the time spent transporting him to the MDC-LA in early

2005 violates 18 U.S.C. § 3161(h)(1)(H) because it took in excess of ten days.  According to

defendant, the "period of transportation" is calculated from the February 4 Order and runs until

defendant's arrival thirty days later at the MDC-LA.  Defendant maintains that eighteen of

those days are not excludable.  The Court disagrees with defendant's math.  The Act provides

that the time taken to transport a defendant to a place of examination is excludable, but that

such time in excess of ten days is presumed unreasonable.  Here, there is no evidence in the

record of the actual dates defendant spent being transported from this jurisdiction to the MDC-

LA.  But, it is clear that under the plain language of the statute, the period of transportation

begins from the date of the order directing such transportation—in this case February 4, 2005.

The government provides no reason for the delay other than institutional delay and asserts that

no bad faith existed.  Although the Court does not find that the delay was caused by bad faith

on the part of the government, institutional delay is an insufficient basis to overcome the

presumption of unreasonableness Congress intended to attach to periods of transportation in

excess of ten days.[4]

Courts evaluating this provision of excludable delay have excluded Saturdays,

Sundays, and legal holidays from the calculation of transport days under § 3161(h)(1)(H).[5]

During the period of February 4, 2005 through March 4, 2005, there were four intervening

---

[4]*See, e.g.*, *United States v. Jervey*, 630 F. Supp. 695, 697 (S.D.N.Y. 1986) (explaining that the presumption
applies "unless some extraordinary event occurred in the case to make compliance with the directions of Congress
unfeasible.  Here the government has simply asserted, correctly, that no bad faith existed . . . . Such ordinary
institutionalized delay is not an excuse.").

[5]*See, e.g.*, *United States v. Garrett*, 45 F.3d 1135, 1140 (7th Cir. 1995), *cert. denied*, 514 U.S. 1134 (1995)
(applying Fed. R. Crim. P. 45(a) to calculation of transportation time under the Speedy Trial Act); *United States v.
Bond*, 956 F.2d 628, 632 (6th Cir. 1992) (same).

weekends and one legal holiday.  Therefore, only eighteen days passed excluding weekends and the holiday, and eight are nonexcludable under the statute.

### 2.  Evaluation and Preparation of the Report

Defendant further argues that the period of excludable delay for the competency evaluation, proceedings, and  report, as set forth in § 3161(h)(1)(A), was exceeded.  According to defendant, the maximum allowable excludable time under this provision is set forth in 18 U.S.C. § 4247, or the section of the criminal code that governs competency evaluations and reports.  Under that provision, there is a thirty day limit on pretrial commitments for determination of competency, which the district court may extend for no more than fifteen days.  Therefore, defendant maintains that no more than forty-five days may be excluded from the speedy trial clock for the time spent on competency evaluations, proceedings, and reports.

Defendant acknowledges that the Tenth Circuit has squarely rejected his argument in *United States v. Taylor*.[6]  There, the Tenth Circuit rejected the petitioner's argument that Congress intended for the time limitations in § 4247(b) to modify the provision in the Speedy Trial Act excluding from the speedy trial clock "any period of delay . . .  resulting from . . . any examinations."[7]  As the Tenth Circuit and other circuits considering the issue have observed, there is no time limitation set forth in the Speedy Trial Act for competency evaluations.[8]  Defendant urges his case is distinguishable from *Taylor* because the period of delay there was only 72 days, whereas in this case it exceeded nine months.  But *Taylor* and other cases

---

[6]353 F.3d 868, 869 (10th Cir. 2003), *cert. denied*, 541 U.S. 1018 (2004).

[7]18 U.S.C. § 3161(h)(1)(A).

[8]*See Taylor*, 353 F.3d at 869–70 (collecting cases); *United States v. Murphy*, 241 F.3d 447, 455–56 (6th Cir. 2001), *cert. denied*, 532 U.S. 1044 (2001); *United States v. Miranda*, 986 F.2d 1283, 1284 (9th Cir.1993).

deciding the issue have determined that there is no time limitation, nor a reasonableness

requirement, attached to the excludable delay provision pertaining to competency evaluations,

proceedings, and reports and courts have upheld application of the excludable delay provision

to periods exceeding nine months.[9]  As the Seventh Circuit has recognized, "To put the two

statutes together, borrowing the 30 and 45 day limits from the commitment statute for

interpolation into the limitless delay provision of the Speedy Trial Act, would be an audacious

bit of judicial creativity."[10]  The Court also notes that the Report and communications from its

author, Dr. Hope, indicate the majority of the delay was due to the large volume of cases at

MDC-LA, difficulty obtaining defendant's medical history documentation, and perhaps

difficulty reaching defense counsel for input.

There is no question that the Bureau of Prisons ("BOP") disregarded the time limits set

forth in 18 U.S.C. § 4247 with regard to this defendant,[11] and the Court is troubled by this lack

of adherence to the statute.  However, the only remedy available for violations of these time

limits is habeas corpus.[12]  This Court follows *Taylor* and declines to impose a time limitation

on § 3161(h)(1)(A) of the Speedy Trial Act that allows for limitless excludable delay for

competency evaluations, proceedings, and reports. Therefore, there is no basis for this Court to

dismiss the Indictment, or allow for defendant's pretrial release.  In addition, this Court entered

---

[9]*United States v. Vasquez*, 918 F.2d 329, 332 (2d Cir. 1990) (finding 10 month delay excludable); *Murphy*, 241 F.3d at 456; *see Henderson v. United States*, 476 U.S. 321, 327 (1986) (construing "any period of delay" in the statute to be unlimited, without regard to reasonableness).

[10]*United States v. Fuller*, 86 F.3d 105, 106 (7th Cir. 1996).

[11]Although the Court is cognizant that the BOP did not receive its October 3 Order, the 30 day requirement would have expired months before that time.

[12]*See Taylor*, 353 F.3d at 870.

an Order, upon defendant's motion, staying the case until the Court determined defendant's

competency.  Because the Court ruled orally on defendant's competency at the January 4

hearing, the speedy trial clock began running again on January 4, 2006.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss, or in the

Alternative, for Pretrial Release (Doc. 22) is **DENIED**.  Eight days will be added to the

nonexcludable time allotted defendant under the Speedy Trial Act.

Dated this  11th  day of January 2006.


**S/ Julie A. Robinson**

**Julie A. Robinson**
**United States District Judge**

8