ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-40002-01-JAR |
| | ) | |
| ISAAC E. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

The Court now considers defendant Isaac Smith's Motion to Determine Competency (Doc. 60).  In that motion, defense counsel asks that the Court determine whether Mr. Smith is competent to assist in his defense at trial.  The Court ordered a psychiatric examination and report under 18 U.S.C. § 4241(b), and Mr. Smith was evaluated by Dr. George Hough, a psychologist, on October 31, 2006.  The Court held a competency hearing on December 19, 2006, where Dr. Hough testified that Mr. Smith is not competent to assist in his own defense in an unmedicated state, but that if he returned to taking the anti-psychotic medication, Abilify, his competence could be restored.  Given this testimony, and further testimony that Mr. Smith has refused to take the Abilify, the Court asked the parties to brief the issue of whether Mr. Smith could be subject to involuntary administration of Abilify in order to render him competent to stand trial.  Mr. Smith has filed his post-hearing memorandum and the government did not file a response.  After reviewing the briefs, the psychological evaluation by Dr. Hough, and the evidence adduced at the hearing, the Court determines that Mr. Smith is not competent, pursuant to 18 U.S.C. § 4241.  Before hospitalization to restore competency, the Court orders Mr. Smith

be evaluated by a medical professional to determine whether the medication should be administered involuntarily to restore Mr. Smith's competence.

## I. Background

Defendant was arrested and arraigned on January 11, 2005.  On February 3, 2005, defendant's prior counsel, Marilyn Trubey, filed a Motion to Determine Competency (Doc. 10), which the Court granted.  (Doc. 13.)  On February 4, 2005, the Court ordered a psychological evaluation of defendant and a report of the examination to be prepared and filed with the Court in accordance with 18 U.S.C. §§ 4247(b) and (c).  Defendant was evaluated at the Bureau of Prisons ("BOP") Metropolitan Detention Center in Los Angeles by Dr. Lisa Hope, who issued a report on November 14, 2005.  That report concluded that although defendant suffers from signs of a major mental disorder, it is well controlled by medication.  Soon after, the Court also granted a sealed motion by defendant (Doc. 20) to be evaluated by Dr. Hough.  There is no report in the record of Dr. Hough's conclusions after that initial evaluation, but at this most recent hearing, Dr. Hough testified that in December 2005, he examined Mr. Smith and found that the Abilify medication controlled any symptoms of his psychosis, and even suppressed it.

Pursuant to 18 U.S.C. § 4241(a), the Court ordered a hearing to determine the mental competency of the defendant.  On January 4, 2006, the Court determined, based on the stipulation of the parties and the report prepared by Dr. Hope, that there was not a preponderance of the evidence that "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the matter and consequences of the proceedings against him or to assist properly in his defense."[1]   The Court

---

[1] *See* 18 U.S.C. § 4241(d).

found that although defendant suffers from signs of a psychotic disorder, it is under control with medication.

After the competency issue was resolved, this case proceeded to a motions hearing and then in May 2006, Ms. Trubey filed a motion to withdraw because Mr. Smith was "not satisfied with the representation he [was] getting from the Federal Public Defender's Office" (Doc. 49). The Court allowed Ms. Trubey to withdraw and appointed Melanie Morgan to represent Mr. Smith, who is his current counsel.  Ms. Morgan has filed the instant motion to determine Mr. Smith's competency, along with a motion to withdraw (Doc. 61).  According to her motion to withdraw, Mr. Smith "wishes to participate in the trial of this matter by personally cross-examining the witnesses in this case. . . .[and] asks this Court to discharge counsel and to allow him to proceed pro se . . . ."  The motion to withdraw also maintains that "Counsel has some concerns about the ability of Mr. Smith to make such a decision in a knowing and voluntary capacity," leading to the filing of the instant motion to determine competency.

The Court ordered a psychological evaluation to be conducted by Dr. Hough and such examination was conducted on October 31, 2006.  His report indicates that defendant has stopped using his anti-psychotic medication, Abilify, since the last time he examined him.  He concludes that off of this medication, defendant does not have the capacity to disclose to his attorney facts pertinent to the proceedings at issue, nor does he have the capacity to testify relevantly.  Dr. Hough's testimony at the December 19 hearing was consistent with his report. He further testified that, in his opinion, Mr. Smith's incompetence is not permanent because Abilify should restore his competence.  However, Mr. Smith told Dr. Hough that he did not want to go back on the Abilify because he did not think he needed it and felt that he "had moved on."

## II.  Analysis

### A.  Competency Determination

The Court must now determine, based on the evidence presented at the December 19 hearing, if there is a preponderance of the evidence that Mr. Smith is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."[2]  For the reasons outlined by Dr. Hough in both his live testimony and his evaluation, the Court finds under the above standard that Mr. Smith is not competent to stand trial.   Therefore, pursuant to 18 U.S.C. § 4241(d)(2), Mr. Smith is remanded to the custody of the BOP for restoration of competency measures.  However, before Mr. Smith can be hospitalized for restoration of competency measures, the Court must determine whether he should be subjected to involuntary administration of his anti-psychotic medication.

### B.  Medication

Mr. Smith submits that this Court has not followed the appropriate statutory procedure, because it "immediately began consideration of whether Mr. Smith could be forced to take his medication involuntary [sic] in accordance with *Sell v. United States*, 539 U.S. 166, 123 S.2174 [sic] (2003)."  To the contrary, the Court neither indicated that it would not consider Mr. Smith's competency as an initial matter, nor announced that it intended to decide the issue of involuntary administration of medication after reading the post-hearing briefs.  Instead, because the evidence so clearly pointed to medication as a means to restore Mr. Smith's competency,[3] the Court asked

---

[2]18 U.S.C. § 4241(d).

[3]In fact, the Court clarified at the beginning of the hearing that it would determine the competency question before the appropriate remedy.

the parties to brief the appropriate procedure that should follow the December 19, 2006 competency hearing, as neither party had discussed the issue prior to this point.

The issue of administration of involuntary medication is addressed at length by the Supreme Court in *Sell*.  Under *Sell*, there are specific factual and legal findings that must be made before a Court can order that anti-psychotic medication be administered solely for the purpose of restoring trial competence.[4]  Here, the record falls short of addressing all of the necessary factors.  Although Dr. Hough testified that Abilify could restore Mr. Smith's competency, he did not testify conclusively about other necessary factors, such as the potential side effects of Abilify and whether it could interfere with Mr. Smith's ability to assist counsel in trial.  Therefore, the Court orders a follow-up examination be conducted locally on the issue of involuntary administration of medication, specifically Abilify, and that a report of that examination be submitted to the Court as soon as practicable.

The medical professional who conducts this follow-up examination should keep the following questions in mind:

1.  Would Mr. Smith benefit from treatment with anti-psychotic medication, particularly Abilify?

2.  Would Mr. Smith pose a substantial risk of harm to himself or others; or is his health gravely at risk without medication?

3.  Could Mr. Smith be persuaded to voluntarily submit to treatment with this medication?

4.  If Mr. Smith is unwilling to voluntarily submit to treatment through medication,

---

[4]*See Sell*, 539 U.S. at 178–84; *United States v. Bradley*, 417 F.3d 1107, 1114–17 (10th Cir. 2005).

would such treatment still be considered medically appropriate?

     5.  Would administering anti-psychotic medication in general, and Abilify in particular, have unfavorable side effects which would be substantially likely to undermine the fairness of any trial which might occur in this case?

     6.  Is treatment with anti-psychotic medication, specifically Abilify, likely to return Mr. Smith to a status in which he can be competent to stand trial?[5]

     After this evaluation, the Court will conduct a *Sell* hearing, where further findings will be addressed, and if necessary, the Court will order Mr. Smith to submit to the administration of Abilify, or be found in contempt of court.  Hospitalization pursuant to section 4241(d) should be delayed until the Court can make a determination on the medication issue.

     **IT IS THEREFORE ORDERED BY THE COURT** that defense counsel's Motion to Determine Competency (Doc. 60) is **granted**.  Plaintiff is deemed incompetent pursuant to 18 U.S.C. § 4241(d) and is ordered to undergo a follow-up examination locally on the issue of involuntary administration of medication prior to hospitalization to restore competency, as outlined in this order.  **IT IS SO ORDERED**.

     Dated this  11th  day of January 2007.      **S/   Julie A. Robinson**
                                                               **Julie A. Robinson**
                                                              **United States District Judge**

---

[5]See *Sell*, 539 U.S. at 178–84; *Bradley*, 417 F.3d at 1114–17; *United States v. Morrison*, 415 F.3d 1180, 1185 (10th Cir. 2005) for discussion of the appropriate factors that the Court must consider before ordering involuntary administration of medication.